## Clifford's Olympia Co. v. Elizabeth L. Waters.

1. PROPOSITIONS OF LAW—*When Error to Refuse.*—In a trial of a suit upon a contract it is error to refuse a proposition of law stating that the right of plaintiff to recover is controlled by the terms, express or implied, of the contract upon which the suit is brought.

2. WORDS AND PHRASES—" *Give or Take Two Weeks' Notice.*"—The words " give or take two weeks' notice," in a contract for services in the theatrical profession, have a certain definite meaning in such profession, that either party may cancel the contract by giving the other two weeks' notice of his intention to do so.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. GEORGE A. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded unless a remittitur is entered. Opinion filed October 27, 1899.

C. STUART BEATTIE, attorney for appellant.

THEODORE G. CASE, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

An agreement was entered into by and between appellee and Harry B. Clifford, dated April 20, 1898, wherein said Clifford agreed to pay to appellee $100 per week for services as a theatrical performer. The contract is blank as to any term for which it was to be in force; and it is contended by appellant that it is not a party to said contract and is not liable thereon. It is contended on behalf of appellee that said contract was in fact for the period of ten weeks. It, however, contains these words, viz.: " Give or take two weeks' notice." Mr. Clifford testified that these words in a theatrical contract have a certain and definite meaning in the theatrical profession, which is that either party may cancel the contract by giving to the other party two weeks' notice of the intention so to do. The abstracts show no testimony to the contrary. It would be difficult to give to these words any reasonable signification other

than that stated by the witness. Counsel for appellee does not contend but that this is what these words mean in such a contract.

The whole argument of counsel for appellee upon this point is, that no notice was given to appellee under this provision of the contract. It was contended, on behalf of appellant at the trial, that a two weeks' notice was posted on the "Call Board" of the theater closing all contracts, and that that was the usual way of giving such notices. On the part of appellee it was contended that she received no such notice and that such posting was not the customary way of giving such notices. The contention of appellant that a notice posted on the "Call Board" is sufficient, is not sustained by the testimony. But appellee knew that the theater was to be closed and she knew when it was in fact closed for the season. This, in connection with other facts appearing in the case, was sufficient notice to appellee of the termination of her contract, two weeks from the date the theater was closed. She had worked two weeks under the contract. She was entitled to two weeks' notice. She was therefore entitled to four weeks' salary, i. e., to $400. She had been paid $319.55. There would then remain due to her $80.45, and interest thereon from the day said contract ended.

A jury was waived and the cause submitted to the court for trial. A judgment was entered against appellant for $675. Upon the trial the court was requested by appellant to hold the following proposition of law, with others, viz.:

" 1st. The right of plaintiff to recover is controlled by the terms, expressed or implied, of the contract between plaintiff and H. B. Clifford of April 20, 1898."

The trial court refused to so hold, and marked said request "refused." It is contended on behalf of appellant that this was error, and no reply to this contention is made in behalf of appellee. We see no reason why that proposition should be refused under the facts and circumstances as they appear in this case. It was error to refuse it.

It follows from what precedes, that the judgment in this

case must be reversed and the case remanded, and such will be the order. Reversed and remanded.

Should appellee, within ten days, see fit to do so, she may remit down to $80.45 and interest, and the judgment will be affirmed for that amount, but at the cost of appellee.